## CHEEK v. SCHWARTZ.

ATTORNEY.—*Services Rendered by, for Person Charged with Crime.—Allowance to, by Court to which Venue is Changed.—Payment —Satisfaction.—* An attorney employed by a third person for the defendant in a criminal prosecution first procured a change of venue to another county, where the cause was finally determined and an allowance made by the court, as for a poor person, to be paid by the county where the indictment was found, for the services of such attorney, who, after receiving such allowance, brought suit to recover for his services, which he proved were worth much more than the allowance received by him.

*Held,* that such allowance only covered the value of the services rendered in the county to which the change was taken, and that the plaintiff should recover for the services rendered in the county where the indictment was found, and in the Supreme Court, on appeal.

From the Dearborn Circuit Court.

*H. D. McMullen*, for appellant.

*F. Adkinson* and *G. M. Roberts*, for appellee.

WORDEN, J.—This was an action by Schwartz, against, Cheek, to recover for services rendered by the plaintiff, as an attorney at law, in and about the defence of McDonald Cheek, on an indictment for murder, at the alleged special instance and request of the defendant.

Issue; trial by jury; verdict and judgment for the plaintiff for two hundred dollars.

We do not discover that any objection is made, except as to the sufficiency of the evidence to sustain the verdict. There was some conflict in the evidence; but there was evidence given which fully sustained the verdict. There was evidence tending to show that the defendant employed the plaintiff to defend the prosecution against McDonald Cheek; that McDonald Cheek was indicted in the Dearborn Circuit Court, for the murder of one Thomas Harrison; and that the plaintiff appeared for him in that court, at the request of the defendant herein, and prepared the papers for a change of venue in the prosecution, which was obtained, and the cause sent to Franklin county for trial, where it was tried, the plaintiff appearing in the defence. The trial resulted in a conviction of McDonald Cheek, affixing the death penalty; that, at the request of the defendant herein, Schwartz prepared the case for an appeal to the Supreme Court, where the judgment of conviction was reversed. See *Cheek* v. *The State*, 35 Ind. 492. A second trial in the Franklin Circuit Court resulted in the like verdict; but a new trial was obtained, and a third trial was had. In all these proceedings, the plaintiff herein assisted in the defence. But the Franklin Circuit Court made certain allowances to be paid out of the treasury of Dearborn county, for services in the defence of said McDonald Cheek, on the ground that he was a poor person, of which the plaintiff has received

the sum of eight hundred dollars; and it is claimed that these allowances should be construed as covering all the plaintiff's services, and that he can not now claim any thing more. We are not inclined, however, to construe the allowances made by the Franklin Circuit Court as covering any thing more than the services rendered in that court.

It was proved that the plaintiff's services in the cause, in the Dearborn Circuit Court, before the cause was sent to Franklin, were worth fifty dollars, and his services in the Supreme Court two hundred and fifty dollars. Then take the evidence of an intelligent witness, who had the means of knowing, as he was engaged in the prosecution, as to the plaintiff's entire services in the cause. Judge Holman said that the plaintiff's services in Dearborn county were worth from fifty dollars to one hundred dollars, say fifty dollars; services at first continuance of the cause, at Brookville, fifty dollars; on the first trial, five hundred dollars; on the two subsequent trials, five hundred dollars; in the Supreme Court, two hundred and fifty dollars. We have a total of one thousand three hundred and fifty dollars. The plaintiff has received in all nine hundred and twenty-five dollars. The verdict and judgment for two hundred dollars will still leave him two hundred and twenty-five dollars short, according to this evidence.

The judgment below is affirmed, with costs and ten per cent. damages.